FILED

AUG 16 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN DOUGLAS SMITH, | Cause No. CV 17-109-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, | |
| Respondent. | |

On August 11, 2017, Mr. Smith filed documents seeking relief under Federal Rule of Civil Procedure 60(b)(4) from a state court judgment entered against him out of the Fourth Judicial District, Missoula County, in Cause No. DC-11-161. (Doc. 1). Mr. Smith contends the criminal judgment is void, because the trial court lost jurisdiction when it failed to hold an adversarial hearing prior to granting the state leave to file an Information. *Id.* at 2; see also (Doc. 1-1). Mr. Smith contends this act contravened the intent of the framers of the 1889 Montana Constitution.[1]

i. **Motion to Proceed in Forma Pauperis**

Mr. Smith has moved the Court to proceed in forma pauperis. Because there is no reason to delay the disposition of this action, his request will be granted.

---

[1] "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); see also *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(per curiam). In making this observation, the Court does not remotely suggest there is merit to Smith's arguments concerning the trial court's purported lack of jurisdiction.

1

### ii. Rule 60(b) Motion/Successive Habeas Petition

The Court is familiar with Mr. Smith. He raised an argument, similar to the one he raises here, in a prior habeas petition before this Court. See, *Smith v. Frink*, CV-14-83-M-DLC, Pet. (filed March 28, 2014). There, Smith argued the trial court judge lost jurisdiction over his case by first finding probable cause to support the state's filing of an information and the presiding over later stages of the proceeding. Smith asserted, based upon the trial judge's initial finding of probable cause, the same judge was then incapable of remaining impartial in violation of Smith's right to due process and a fair trial. Smith also contended he received ineffective assistance of counsel and the prosecutor committed misconduct. *Id.* Smith claimed violations of the Thirteenth and Fourteenth Amendments.

This Court found Smith's claims to be frivolous and specifically that a judicial determination of probable cause does not equate to the trial court becoming aligned with the prosecution. It was also observed that prosecution via Information is entirely consistent with federal guarantees of due process. *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014). Smith's petition was denied on the merits.

As a preliminary matter, it should be noted that as courts of original jurisdiction, federal district courts may not serve as appellate tribunals to review

errors allegedly committed by state courts. *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)(jurisdiction possessed by the District Courts is strictly original; entertaining a proceeding to reverse or modify state court judgment would be an exercise of appellate jurisdiction). Even if the challenge to a state court decision involves a federal constitutional issue, the same doctrine applies. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Thus, to the extent Smith seeks to have this Court directly review his state conviction and judgment, this Court has no jurisdiction to function in such a manner.

Although Smith has characterized the documents filed with this Court as seeking relief under Fed. Rule. Civ. Pro. 60(b), this Court must determine whether it is truly relief under the Federal Rules that is sought, or if the petitioner has actually filed a successive habeas petition under the guise of a Rule 60(b) motion. The AEDPA generally limits a petitioner to one federal habeas corpus petition and precludes "second or successive" habeas corpus petitions unless the petitioner meets certain requirements. 28 U.S.C. §2244(b). "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented

3

in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence. 28 U.S.C. §2244(b)(2)(A)-(B). Thus, habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA" or otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson*, 523 U.S. 538 (1998); *United States v. Buenrostro*, 638 F. 3d 720, 722 (9th Cir. 2011)(per curiam)("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under §2254.").

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. Rule 60(b) "has an unquestionably valid role to play in habeas cases," but its application is qualified by the stringent limitations on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); 28 U.S.C. § 2244(b)(1), (2). At times, a Rule 60(b) motion in a § 2254 case can simply be addressed under the criteria applicable to all Rule 60(b) motions. But a Rule 60(b) motion that "substantively addresses federal grounds for setting aside the movant's conviction" by the state court is a

second application for federal habeas relief. *Id.* at 533; *see also, e.g., United States v. Washington*, 653 F.3d 1057, 1063-64 (9th Cir. 2011).

Under *Gonzalez*, a legitimate Rule 60(b) motion "attacks ... some defect in the integrity of the *federal* habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,' defined as "asserted federal bases for relief from a state court's judgment of conviction." 545 U.S. at 530, 532 (emphasis added). A motion that does not attack "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" raises a claim that takes it outside of the bounds of Rule 60(b) and within the scope of the AEDPA's limitations on second or successive habeas corpus petitions. *Id.* at 532 n. 5.

Here, Smith is not seeking review of his prior habeas proceedings, but is asserting a federal basis in an attempt to seek relief from his 2011 state court judgment of conviction. Thus, his filings fall squarely under AEDPA's purview and outside of Rule 60(b). Smith cannot attempt to circumvent the stringent requirements of AEDPA simply by couching his filings under a different heading. This Court lacks jurisdiction to hear Smith's claim on the merits unless and until the Ninth Circuit Court of Appeals authorizes him to file a second federal habeas petition in this Court. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); 28

5

U.S.C. § 2244(b)(3).

### iii. Certificate of Appealability

A certificate of appealability should be denied. A COA may issue only as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability is not warranted here. There is no doubt about either the nature of Smith's claims or this Court's lack of jurisdiction to hear them. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Thus, there is no basis to encourage further proceedings.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

# RECOMMENDATIONS

1. Petitioner's Motion for Relief from Judgment (Doc. 1) should be DENIED.

2. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONAND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Smith must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of August, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.